# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2071 | **DATE** | January 28, 2010 |
| **CASE TITLE** | Tavares Hunt (#2005-0020813), et al. vs. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Defendants Dart and Miller's motion to dismiss [36] is denied for the reasons stated below. Defendants Fagus and Hart's motion for enlargement of time to answer or otherwise plead [46] is terminated as moot. The Court denies Fagus and Hart's motion to dismiss [50] because plaintiffs have adequately alleged that these defendant knew of a serious medical danger to plaintiffs, had the ability to act but chose to do nothing, and plaintiffs suffered injury as a result. All defendants are directed to answer the complaint by no later than 2/19/10. The Court intends to appoint counsel for plaintiffs and will do so by separate order.

■[For further details see text below.]     Docketing to mail notices.

## STATEMENT

     Plaintiffs, pretrial detainees at Cook County Jail, have brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Defendants Cook County Sheriff Dart and Superintendent Michael Miller have moved to dismiss the individual capacity claims brought against them pursuant Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

     Plaintiff alleges that in December of 2008 "signs" that a gastrointestinal virus was spreading within Cook County Jail became known to Cook County Jail officials. At that time, none of the Defendants took any steps to inform the detainees of the virus nor did they take any steps to prevent the spread of the virus. Cook County Jail officials also became aware that several detainees in Division 10 were suffering from the virus in February of 2009, because several detainees in that division had the symptoms associated with the virus. In March of 2009, the Center for Disease Control came to the jail and notified the detainees about the virus in the jail. The CDC further explained that it was monitoring the situation. Not until the CDC came to the jail did the Defendants make any attempt to control the spread of the virus or tell the detainees about the virus so that they could help prevent its spread.

     It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 550 U.S. 544, 555-56 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002)). However, some factual allegations my be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. Aug. 20, 2009) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)).

     Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to " give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rule 8 reflects a liberal notice pleading requirement that focuses the 'litigation on the merits of the claim' rather than some technicality that might keep a plaintiff out of court. *Brooks*, 578 F.3d at 580 (quoting *Swierkiewicz*, 534 U.S. at 514). Alleging specific facts is not required. *See Erickson v.*

**STATEMENT**

*Pardus*, 551 U.S. 89, 93 (2007). However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic,* 550 U.S. at 555. The plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic*, 550 U.S. at 556.

However, "a court need not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks*, 578 F.3d at 581 (quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009). Plaintiffs cannot "merely parrot the statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims. . . ." *Brooks*, 578 F.3d at 581.

Plaintiffs' amended complaint indicates that all Defendants are being sued in their individual and official capacities. Individual liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Furthermore, a supervisory official cannot be held liable for the conduct of his subordinates based on a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. Here, Plaintiffs specifically allege that they are bringing their claims, in part, as a *Monell* claim. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) (a governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice). Defendants Sheriff Dart and Superintendent Miller rely on this allegation in support of their argument that Plaintiffs did not sufficiently plead a claim against them in their individual capacities. However, Plaintiffs also specifically plead that Cook County Jail officials, which would include Sheriff Dart and Superintendent Miller, knew, at the latest, in early February of 2009, that the virus was spreading through the jail but they failed to take any measures to prevent its spread or to inform the detainees of the virus. Thus, Plaintiffs have also sufficiently plead that Sheriff Dart and Superintendent Miller personally knew about the spread of the virus and that they failed to take any action to prevent its spread. Accordingly, Plaintiffs have sufficiently plead an individual liability claim against Sheriff Dart and Superintendent Miller.

Based on the above, Defendants' Dart and Miller's motion to dismiss [36] is denied.