**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HUNT, MCCORKER *et. al* | ) | |
| | ) | No.    09 C 2071 |
| Plaintiffs, | ) | |
| | ) | Judge Matthew F. Kennelly |
| v. | ) | |
| | ) | Magistrate Judge Ashman |
| DART, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COUNT III OF FOURTH AMENDED COMPLAINT,
OR IN THE ALTERNATIVE, TO BIFURCATE AND STAY DISCOVERY**

Now come the Defendants, the County of Cook ("Cook County"), Dr. Avery Hart, Sheriff

Dart, and Superintendent Miller (hereinafter "County Defendants") by and through their attorneys,

ANITA ALVAREZ, Maureen O. Hannon, and Michael Jacobs, Assistant State's Attorney,

respectfully requests this Court to Dismiss Count III of the Plaintiffs' Fourth Amended Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, the Defendants request this

Court bifurcate the *Monell* claim pursuant to FRCP 42(b) and stay discovery pending resolution of

the claims against the individual defendants. In support thereof, County Defendants state as

follows:

**INTRODUCTION**

This pleading is brought pursuant to 42 U.S.C. Section 1983 by five Plaintiffs who are

currently detainees in the Cook County Department of Corrections (CCDOC or Cook County Jail)

in Division Ten. (Fourth Am. Compl. ¶4.) According to their Complaint, four of the Plaintiffs

suffered from a virus that passed through the Cook County Jail.  (Id. ¶18.)[1]  Count I is a claim

alleging  deliberate indifference by the County Defendants to four of the named plaintiffs under 42

U.S.C §1983.  Count III is a claim under *Monell v. Department of Social Services*, 436 U.S. 658, 98

S. Ct. 2018 (1978) asserting that the defendants have a "custom or practice" of timely detecting and

responding to the virus.  (Fourth Am. Compl. ¶61.)  Plaintiffs allege that this failure to timely act

demonstrated "deliberate indifference" on the part of the Defendants. (*Id.* ¶62-63.)   Finally,

Plaintiffs seek monetary relief for Defendants' violation of their rights under the Civil Rights Act of

1871, 42 U.S.C. Section 1983, and the Fourteenth Amendment.

The basis of the instant motion to dismiss Count III is that the instance of one outbreak of a

virus does not, as a matter of law, establish the necessary facts to constitute a "policy, custom or

practice."  *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994).  In the alternative, the

remedy set forth in FRCP 42(b) which permits the Court, it its discretion to separate issues and

claims for the purposes of expediting, economizing, and to avoid prejudice should be implemented

to separate and stay discovery on the *Monell* policy issue unless and until defendants' liability has

been established and a violation of a constitutional right has been set forth.

## STANDARD OF REVIEW

When considering dismissal pursuant to Rule 12(b)(6), a court must consider all factual

allegations as true and construe all reasonable inferences in favor of the plaintiff.  *Jacobs v. City*

*of Chicago,* 215 F.3d 758, 765 (7th Cir. 2000).  In order to survive a motion to dismiss plaintiff

must allege, "enough facts to state a claim to relief that is plausible on its face,' and also must

state sufficient facts to raise a plaintiff's right to relief above the speculative level."  *Bissessur v.*

---

[1] One of the Plaintiffs, Tevares Hunt, does not claim to have contracted the virus and has a different cause of action than the other four. Mr. Hunt claims that his access to a physician was improperly delayed while he was ill and then that he was improperly denied the special diet prescribed for him once he did see a physician. The Defendants have filed a motion to sever Count II for improper joinder under FRCP 20,21, and 42(b).

*Ind. Univ. Bd. of Trs.,* 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,*

550 U.S. 544, 557 (2007)).   A district court's review in a motion to dismiss is limited to the four

corners of the complaint.   *Gomez v. Ill. State Bd. Of Ed.,* 811 F.2d 1030, 1039 (7th Cir. 1987).

The court should also consider that "litigants may plead themselves out of court by alleging facts

that may establish defendants' entitlement to prevail."   *Bennett v. Schmidt*, 153 F.3d 516, 519

(7th Cir. 1998).

## ARGUMENT

I.   **COUNT III OF PLAINTIFFS' FOURTH AMENDED COMPLAINT SHOULD
BE DISMISSED PURSUANT TO RULE 12(B)(6) BECAUSE PLAINTIFFS
FAILURE TO SET FORTH AN "OFFICIAL POLICY, CUSTOM, OR
PRACTICE" FOR THE PURPOSE OF OFFICIAL CAPACITY LIABILITY
UNDER *MONELL*.**

It is well settled that governmental employees cannot be held liable in their official capacities

in an action under 42 U.S.C § 1983 unless the plaintiff can show that he suffered injuries of a

constitutional magnitude as the result of an official policy, custom or practice.   *Monell v.*

*Department of Social Services,* 436 U.S. 658, 690, 98 S. Ct. 2018, 2036 (1977).   In *Monell*, the

Supreme Court held:

> [A] local government may not be sued under section 1983 for an
> injury inflicted solely by its employees or agents.   Instead, it is
> when execution of government's policy or custom, whether made
> by its lawmakers or by those whose edicts or acts may fairly be
> said to represent official policy, inflicts the injury that a
> government as an entity is responsible under ' 1983.

436 U.S. at 694, 98 S.Ct. at 2037.   Plaintiff must allege a "specific pattern or series of incidents

that support the general allegation" that a policy, custom or practice was in existence in the

governmental entity.   *Hossman v. Blunk*, 784 F.2d 793, 796 (7th Cir. 1986).

The Seventh Circuit has outlined what showing must be made by a plaintiff in an official

capacity suit by identifying  three instances in which a municipality can be said to have violated

the rights of a person because of its policy:  (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) (citations omitted).  Moreover, a plaintiff must establish that the municipal policies or customs were the "moving force" behind the alleged constitutional tort.  *Polk County v. Dodson*, 454 U.S. 312, 326 102 S.Ct. 445, 552 (1981); *Minix v. Canarecci*, 597 F.3d 824, 2010 U.S. App. LEXIS 4025**at 14 (7th Cir 2010)

Finally and critically for purposes of evaluating the Fourth Amended Complaint, a single allegation of wrongdoing on the part of the defendant is insufficient to establish a policy, custom or practice.  *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994).  Boilerplate allegations of a municipal policy or custom, like those set forth in the instant Fourth Amended Complaint, without any factual allegations to support the general allegations, are insufficient to state a § 1983 claim.  *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986); *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 202 (7th Cir. 1985); *Strauss v. City of Chicago*, 760 F.2d 765, 767-769, (7th Cir. 1985).  In *Hossman*, the court stated: "Alleging one specific incident in which the plaintiff suffered a deprivation and generally alleging a custom or policy will not be adequate; the plaintiff must allege a specific pattern or series of incidents that support the general allegation." 784 F.2d at 797.  Nor can the inclusion of Count II, the claim of Hunt for failure to receive his special diet, cure the absence of a custom or practice because the claims are wholly unrelated.

The four Plaintiffs assert that they were all affected by the same intestinal virus that came through the jail once in March 2009. They maintain that the defendants were "deliberately indifferent" to the health and safety of the detainees arising out of this event. (Fourth Am. Compl.¶ 62-63.) But this allegation, that four Plaintiffs contracted the same flu virus that passed once through the jail, does not make it a "widespread practice or policy" of treating infectious diseases at the jail.  The allegations do not support that the ineffective action was a "custom or policy."  *See* e.g. *Phelan v. Cook County*, 463 F.3d 773) (7th Cir. 2006) (no widespread policy because one person was subjected to discrimination); *Estate of Moreland v. Dieter*, 395 F.3d 747, 760 (7th Cir. 2005) (three instances of the defendants using pepper spray were insufficient to present a custom and policy); *and Palmer v. Marion County*, 327 F.3d 588(7th Cir. 2003) (no policy of separating prisoners based on race).  *See also, Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 20 (N.D.Ill. 1984),(holding that, "[s]uch boilerplate allegations of an official policy, the existence of which is to be inferred not from something the municipality did but rather from its inaction, constitute one of the most prevalent forms of abuse in section 1983 actions").   Based on the foregoing, Plaintiffs' Fourth Amended Complaint should be dismissed against all Defendants in their official capacity under a *Monell* theory.


## II.    THIS COURT SHOULD SEPARATE AND STAY DISCOVERY OF THE *MONELL* COUNT UNLESS AND UNTIL THERE IS LIABILTY ON THE INDIVIDUAL CLAIMS.

The Rules of Federal Civil Procedure provide in part, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims…" Fed.R.Civ.P. 42(b).  District courts have broad discretion in ordering the bifurcation of a plaintiff's claim as part of their inherent power to control their docket. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000).  If the Court is not inclined to grant dismissal of Count III at this

juncture, then the Defendants urge this Court to bifurcate and stay discovery on the policy claims until liability is more than just a mere allegation in the complaint.

Here, bifurcation of the *Monell* claims best serves the interests identified in Rule 42(b). As an initial matter, bifurcation and a stay allows the parties to avoid potentially unnecessary discovery and litigation costs should the plaintiff fail to establish a constitutional violation and thus, as a matter of law be unable to prove any *Monell* violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Treece v. Hochstetler*, 213 F.3d 360 (7th Cir. 2000). These costs could take the form of voluminous document and discovery requests in search of a similar case of an inmate contracting the flu virus from another inmate.  The burden of being subjected to such discovery is all the more transparent when one recognizes that litigation of the *Monell* claims may be unnecessary.

As a practical matter, the discovery and litigation of the individual claims of these four plaintiffs against the three individual defendants will also be much faster if separated from the *Monell* custom and practice discovery.  Based on the allegations in the complaint, which we must assume are true, four of the plaintiffs contracted a virus that was running through Division 10. There are no allegations of long term effect on these plaintiffs or allegations that the virus has not be extinguished at the jail.

In addition, the nature of the issues of fact and law are such that there will necessarily be a summary judgment motion on the issue of deliberate indifference on the part of the Defendants. Because *Monell* policy liability cannot be found unless there is a finding of liability against the individual defendants,[2] time and expense will hopefully be saved if the Court will bifurcate and stay discovery.

---

[2] *See Spanish Action Comm. of Chicago v. City of Chicago, 766 F.2d 315, 321(7th Cir. 1985)*

Finally, bifurcating the *Monell* claims from the claims against the individual defendants will protect the individual defendants from the possible prejudice and bias toward them in the event extraneous evidence regarding other practices for treating inmates is introduced at trial

Bifurcating the *Monell* claims at this stage of the litigation, and concomitantly staying discovery relating to these claims, thereby (1) protects the interest of the parties in eliminating potentially unnecessary litigation expenses, (2) avoids prejudice to the individual defendants, and (3) protects the interest in expediting trial of the constitutional claims against the County Defendants without foreclosing the option to later establish liability on the *Monell* claims.

## CONCLUSION

Count III of the Fourth Amended Complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to state a cause of action under 42 U.S.C. §1983 for an official policy, custom, or practice. *Monell v. Dept. of Social Services,* 436 U.S. 658, 690 (1977). In the alternative, the County Defendants urge this Court to apply the remedy set forth in FRCP 42(b) to separate the *Monell* issues and claims unless and until individual liability has been established.

WHEREFORE, the County Defendants jointly and respectfully request that this Honorable Court dismiss Count III of the Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, bifurcate and stay discovery on the *Monell* claim.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County
By:/s/ Maureen O. Hannon
ARDC # 6206983

7

Maureen O. Hannon
Assistant State's Attorney
Conflict Counsel Unit
69 W. Washington St. Suite 2030
Chicago, IL 60602
(312) 603-1424

### *CERTIFICATE OF SERVICE*

      I, Maureen O. Hannon, Assistant State's Attorney, certify that I electronically filed the above **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** to be served upon the individuals entitled to notice in this case via the CM/ECF system on June 23, 2010.

/s/ Maureen O. Hannon