**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HUNT, MCCORKER *et. al* ) | |
| ) | No.  09 C 2071 |
| Plaintiffs, ) | |
| ) | Judge Matthew F. Kennelly |
| v. ) | |
| ) | Magistrate Judge Ashman |
| DART, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**JOINT MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
SEVER COUNT II OF FOURTH AMENDED COMPLAINT**

Now come the Defendants, Thomas Dart, Michael Miller, Dr. Avery Hart, and the County of Cook, (hereinafter "County Defendants") by and through their attorneys, ANITA ALVAREZ, Maureen O. Hannon and Michael D. Jacobs, Assistant State's Attorneys, pursuant to the Federal Rules of Civil Procedure 20, 21, and 42(b) respectfully requests this Court to Sever Count II of the Plaintiffs' Fourth Amended Complaint and dismiss it without prejudice to proceed separately. In support thereof, the County Defendants state as follows:

**INTRODUCTION**

This action is brought pursuant to 42 U.S.C. Section 1983 by five plaintiffs who are currently or were detainees in the Cook County Department of Corrections in Division 10 at all times relevant to this cause of action. (Fourth Am Compl. ¶ ¶ 1, 2 and 4). Four of the detainees allegedly suffered from a virus that passed through the Cook County Department of Corrections ("CCDOC") and are suing all of the County defendants for alleged deliberate indifference. (Id. ¶ 18 and Count I, generally).

Count II involves the claim of only one Plaintiff, Tavares Hurt, who did not have the flu virus. Mr. Hunt is suing only Superintendant Miller of the CCDOC and J. Lang, the dietician from Aramark. (Fourth Am. Compl., Count II, generally). Mr. Hunt had a different condition which included a bacteria in his blood from which he was given two antibiotics. (Fourth Am. Compl. ¶ 35). The only similarities between Hunt's claim and the other four plaintiffs is that they were all in the Cook County Jail and they are all alleging a violation of their constitutional rights in the form of deliberate indifference. The claim of Hunt should be separated from that of the other plaintiffs.

### A. The Requirements For Permissive Joinder Have Not Been Established

Federal Rule of Civil Procedure 20 permits joinder of plaintiffs and defendants if they assert a right to relief jointly with respect to or arising out of the same transaction, occurrences, or series of transactions or occurrences. FRCP 20(a)(1) and (2). The rule specifically includes a protective measure such that a court may order a separate trial to protect a party from prejudice that arises from including a person against whom the party asserts no claim. FRCP 20(b). The district court has discretion to decide whether joinder in any situation is proper. *Rice v. Sunrise Express, 209 F.3d 1008, 1016* (7th Cir. 2000). As applied to the instant complaint, the elements of permissive joinder have not been met.

The claims of Hunt do not arise out of the same transaction or occurrence as that of the other four who allege they contracted the norovirus because the Dr. Hart and the Sheriff Defendants "failed to timely investigate and contain the norovirus outbreak" and failed to "take action to safeguard against its spread." (Fourth Am Compl. ¶ 50-51). The allegations of Plaintiff Hunt are that he had a bacterial infection for which he had been prescribed a special diet and that the dietician

and the Sheriff refused to provide him with his special diet and refused to address his grievances pertaining to his special diet. (Fourth Am. Compl. ¶57). Hunt's claim does not arise out of the same transactions or occurrences as the plaintiffs who claim that the County Defendants failed to stop the spread of a virus. The issues merely have the common element of alleging deliberate indifference by defendants acting under color of state law pursuant to 42 USC §1983. This is insufficient for joinder. Alleging the same general theories of law against a defendant is not sufficient to satisfy the "common question of law or fact" requirement. *Randeleel v. Pizza Hut of America*, 182 F.R.D 542, (N.D. Ill 1998). There must also be a common transaction or series of transactions as to each defendant present for joinder to be permissible. *Intercon Research Assoc. v. Dresser Indus., Inc.,* 696 F2d 53, 57 (7th Cir. 1982).

Because the factual and legal questions between the plaintiffs and defendants in Count I and Count II are based upon wholly separate acts and separate defendants, the requirements of 20(a) have not been met. *See e.g., Bailey v. Northern Trust*, 196 F.R.D. 513, 517 (N.D. Ill. 2000). For these reasons, Defendants request that Count II should be severed.

B. **The Remedy of Separate Trials Would Also Be Appropriate Here**

In the alternative, if the court does not sever the claims of Hunt from those of the other plaintiffs pursuant to Rule 20 and 21, the claims should at least be trial separately under Rule 42(b) of the Federal Rules of Civil Procedure. The Rules of Federal Civil Procedure provide in part, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims…" Fed.R.Civ.P. 42(B). District courts have broad discretion in ordering the bifurcation of a plaintiff's claim as part of their inherent power to control their docket. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir 2000).

In this instance, if this matter were to proceed to trial, the Court would essentially be conducting two simultaneous and separate trials. One trial would be to resolve Hunt's claims while the other would determine the claims of the other four plaintiffs. Keeping the evidence separate may be a difficult task for the jury who may confuse the facts and evidence. The potential confusion creates the likelihood of biasing the jury against the County defendants and holding them responsible for the one claim because of the evidence of the other. The probability of prejudice to the County Defendants is too great for these matters not to be severed.

In contrast, the prejudice to Plaintiff Hunt would not be present if the matters were severed. *See e.g. Bailey v. Northern Trust*, 196 F.R.D. 513, 517 (N.D. Ill. 2000). Hunt's witnesses and facts will be separate and distinct from those of the other four plaintiffs. Indeed, his case may proceed faster if separate and distinct from the claims of the other Plaintiffs.

There is also a great prejudice to Dr. Hart who is not named as a Defendant in Count II if these cases are tried together. Evidence concerning alleged deliberate indifference as to the case in Hunt could bias the jury against Dr. Hart, who is not even a Defendant in Hunt's case. Such cumulative but unrelated evidence could also bias the jury against all the defendants in the flu outbreak claim of the other four defendants.

In *Benitez v. Am. Std. Circuits, Inc*., 678 F. Supp. 2d 745, 770 (N.D.Ill. 2010), the Court stated Rule 42(b) authorizes the court to order separate trials "[f]or convenience, to avoid **prejudice,** or to expedite and economize." (emphasis added). The *Benitez* court also stated that a court is afforded "broad discretion to decide whether or not plaintiffs' cases should be tried separately," *Id., citing, Bailey,* 196 F.R.D. at 518. Most importantly, only one of the Rule 42(b) conditions need be satisfied to order separate trials. See, *MCI Commc'ns Corp. v. Tel. and Tel. Co.,* 708 F.2d 1081, 1166 (7th Cir. 1983).

As argued in Section I above and because the factual scenarios evident on the face of the complaint demonstrate, the factual and legal questions between the plaintiffs and defendants in Count I and Count II are based upon wholly separate acts and separate defendants. This will create a great likelihood of prejudice to the Defendants. *See e.g., Bailey v. Northern Trust*, 196 F.R.D. 513, 517 (N.D. Ill. 2000). For these reasons, Defendants request that Count II should be severed.

## CONCLUSION

WHEREFORE, the County Defendants respectfully request that this Honorable Court sever and dismiss without prejudice Count II of the Third Amended Complaint against them.

        Respectfully Submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

By:    s/ *Michael D. Jacobs* _____
        Michael D. Jacobs
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-3401
        ARDC # 06193268