**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **HUNT**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **Civil Action No. 09-C-2071** |
| v. | ) |
| | ) **Judge Matthew F. Kennelly** |
| **DART**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' JOINT MOTION TO SEVER
<u>COUNT II OF FOURTH AMENDED COMPLAINT</u>**


Dated: July 22, 2010


Kenneth G. Schuler
Lyndsay D. Speece
Marissa Downs
Alicia Weis
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago, Illinois  60606
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...............................................................................................................................1

ARGUMENT.....................................................................................................................................2

    I.    THE REQUIREMENTS FOR PERMISSIVE JOINDER HAVE BEEN MET ...............................................................................................................................2

        A.    Hunt's Claims Arise Out Of The Same Series Of Occurrences As The Other Plaintiffs' Claims ........................................................................3

        B.    All Of Plaintiffs' Claims Involve Common Questions of Law and Fact.................................................................................................................5

    II.    SEVERANCE OF COUNT II WILL LEAD TO INEFFICIENCIES AND A WASTE OF JUDICIAL RESOURCES...............................................................7

CONCLUSION..................................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

Bailey v. N. Trust Co.,
   196 F.R.D. 513 (N.D. Ill. 2000) ............................................................................................. 5

Dean v. City of Chicago,
   No. 09 C 1190, 2009 WL 2848865 (N.D. Ill. Aug. 31, 2009) .................................... 3, 4, 5, 7

Eclipse Mfg. Co. v. M and M Rental Ctr., Inc.,
   521 F. Supp. 2d 739 (N.D. Ill. 2007) ..................................................................................... 2

Elmore v. Henderson,
   227 F.3d 1009 (7th Cir. 2000) ................................................................................................ 3

Hawkins v. Groot Indus., Inc.,
   210 F.R.D. 226 (N.D. Ill. 2002) ......................................................................................... 3, 4

Mosley v. Gen Motors Corp.,
   497 F.2d 1330 (8th Cir. 1974) ................................................................................................ 3

Nelson v. Chertoff,
   No. 07 C 2991, 2008 WL 4211577 (N.D. Ill. Sept. 10, 2008) ........................................ 2, 3, 4

Randleel v. Pizza Hut of Am.,
   182 F.R.D. 542, 544 (N.D. Ill. 1998) ..................................................................................... 5

Wilson v. Peslak,
   No. 04 C 2345, 2005 WL 1227316 (N.D. Ill. May 12, 2005) ........................................ 3, 5, 6

**STATUTES**

Fed. R. Civ. P. 20(a)(1) .................................................................................................................. 2

Fed. R. Civ. P. 20(a)(1)(B) ............................................................................................................ 6

Fed. R. Civ. P. 42(b) .................................................................................................................. 7, 8

Plaintiffs Tavares Hunt ("Hunt"), Lee McCorker ("McCorker"), Bruce Giles ("Giles"), Jose H. Romero ("Romero"), and George Cortez ("Cortez") (collectively, "Plaintiffs") by and through their attorney, Latham & Watkins LLP, hereby respond as follows to Defendants' Joint Motion to Sever Count II of Fourth Amended Complaint brought by Defendants the County of Cook ("Cook County"), Dr. Avery Hart ("Dr. Hart"), Sheriff Thomas Dart ("Sheriff Dart") and Superintendant Michael Miller ("Superintendant Miller"), (collectively, "County Defendants").

## INTRODUCTION

Plaintiffs are pre-trial detainees who suffered severe and prolonged medical ailments—including excessive vomiting, diarrhea, and stomach cramps—as a result of a norovirus outbreak and bacterial infection during the time they were housed in Cook County Jail ("CCJ") Division 10. Plaintiffs' illnesses were unnecessarily exacerbated due to Defendants' collective indifference to their suffering and failure to timely and properly respond to Plaintiffs' repeated requests for medical treatment. Defendants' callous disregard of Plaintiffs' serious medical conditions and failure to take action to prevent, alleviate, or contain the source of Plaintiffs' pain caused significant harm to Plaintiffs' health and well-being. As a result, Plaintiffs brought this is civil action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, based on violations of the Fourteenth Amendment to the Constitution of the United States. Count I is a § 1983 claim against Defendants Dr. Hart and Superintendant Miller for constitutional violations perpetrated against Plaintiffs McCorker, Giles, Romero, and Cortez. Count II likewise is a § 1983 claim brought by Plaintiff Hunt against Defendants Superintendant Miller and Lang for constitutional

1

violations committed against Hunt. In Count III, Plaintiffs collectively allege a § 1983 Monell claim against the County Defendants arising from constitutionally violative municipal customs.[1]

## ARGUMENT

Defendants' motion to sever Count II must be denied. Count II concerns the constitutional deprivations suffered by Plaintiff Hunt. Hunt's claims arise out of the same series of occurrences as — and involve questions of law and fact that are common to — the claims of the other Plaintiffs. The interests of justice would not be served in severing Count II for a separate trial. Moreover, any such severance would be premature and likely to lead to inefficiencies and abrogation of the Federal Rules.

### I. THE REQUIREMENTS FOR PERMISSIVE JOINDER HAVE BEEN MET

Federal Rule of Civil Procedure 20(a) allows permissive joinder of plaintiffs where collectively plaintiffs "assert any right to relief . . . with respect to or arising out of the same . . . series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "Federal policy favors joinder, for the purpose of Rule 20 is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Nelson v. Chertoff, No. 07 C 2991, 2008 WL 4211577, at *5 (N.D. Ill. Sept. 10, 2008) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.") (internal citations omitted); see also Eclipse Mfg. Co. v. M and M Rental Ctr., Inc., 521 F. Supp. 2d 739, 745 (N.D. Ill. 2007) ("The standard for permissive

---

[1] Plaintiffs incorporate by reference as though fully set forth herein the Statement of Relevant Facts in "Plaintiffs' Memorandum of Law in Opposition to Joint Defendants' Motion to Dismiss Count III of Fourth Amended Complaint or, in the Alternative, to Bifurcate and Stay Discovery" filed contemporaneously with this Response.

joinder under Rule 20 is liberal . . ."). The purpose of allowing joinder of plaintiffs' claims under Rule 20(a) is "to enable economies in litigation." Elmore v. Henderson, 227 F.3d 1009, 1012 (7th Cir. 2000).

Joinder in this case is proper not only because it will promote trial convenience and expedite the final determination of claims against the Defendants, but because both prongs of the permissive joinder test, each discussed in greater detail below, has been satisfied.

### A. Hunt's Claims Arise Out Of The Same Series Of Occurrences As The Other Plaintiffs' Claims

Hunt's claims arise out of the same series of occurrences as those of his co-plaintiffs. Rule 20(a) specifically allows for joinder where the underlying facts of plaintiffs' claims are part of the same "series of transactions or occurrences." (emphasis supplied). "This term 'comprehend[s] a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'" Dean v. City of Chicago, No. 09 C 1190, 2009 WL 2848865, at *2 (N.D. Ill. Aug. 31, 2009) (quoting Mosley v. Gen Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)); see also Nelson, 2008 WL 4211577 at *6. Courts consider several factors to determine whether factual allegations arise from the same series of occurrences, including "whether the alleged conduct occurred during the same general time period, involved the same people and similar conduct, and implicated a 'system of decision-making' or 'widely-held policy of discrimination.'" Wilson v. Peslak, No. 04 C 2345, 2005 WL 1227316, at *2 (N.D. Ill. May 12, 2005) (quoting Hawkins v. Groot Indus., Inc., 210 F.R.D. 226, 230 (N.D. Ill. 2002)).

In Dean, nineteen plaintiffs filed a single complaint alleging that a Chicago police officer falsely arrested each of them for driving under the influence on various dates spanning a six-year period and claimed that the City of Chicago maintained a common set of polices that caused and

3

encouraged their false arrests. See Dean, 2009 WL 2848865 at *1. The court denied the defendants' motion to sever or separate the claims for trial, finding that the plaintiffs' claims arose out of the same series of transactions and concerned common questions of law and fact. Id. at *2-4. The court found that although the arrest of each plaintiff was a different transaction, "it [was] equally true that the arrests [were] part of a 'series of transactions or occurrences.'" Id. at *2; accord Nelson, 2008 WL 4211577 at * 5 (finding that allegations of "a [companywide] policy of discrimination . . . [are] sufficient to establish a single transaction or occurrence").

As in Dean, Plaintiffs' claims here — including Hunt's claim of constitutional violations by Defendant Superintendant Miller and Defendant Lang — all arise out of a common series of transactions or occurrences. See Dean, 2009 WL 2848865 at *2. Plaintiffs' claims are tied together by several factors:

(1) Plaintiffs were pre-trial detainees housed in CCJ Division 10 and within the care of Cook County when they became sick. Compl. ¶¶ 4, 18, 26.

(2) Every Plaintiff fell severely ill in the same time period, from late-2008 through mid-2009. Id.

(3) Plaintiffs submitted requests and grievances for medical attention due to the severe symptoms they suffered. Compl. ¶¶ 19-22, 28, 37, 40, 41.

(4) Plaintiffs' requests for medical attention were ignored whole-sale or subjected to delayed and inadequate responses. Compl. ¶¶ 23-25, 28-45.

(5) Plaintiffs' illnesses were caused or exacerbated by Defendants' deliberate indifference to inmate health and safety as shown in part by their failure to implement the recommendations of health care professionals. Compl. ¶¶ 12, 15, 27-47.

(6) Vital information concerning their health and well-being was withheld from all Plaintiffs. Compl. ¶¶ 16, 37.

Furthermore, all Plaintiffs assert claims against Defendant Superintendant Miller in his individual capacity, as well as join collectively in a Monell claim against the County Defendants. Compl. ¶¶ 50-53, 56-59, 60-64; see Hawkins, 210 F.R.D at 230 ("[A]llegations of a 'system of

4

decision-making' or widely-held policy of discrimination, constitute a single transaction for Rule 20(a) purposes.") (internal citation omitted); accord Wilson, 2005 WL 1227316 at *2. At their core, Plaintiffs' claims are all based on the same violative municipal customs effectuated and engaged in by all Defendants. See Compl. ¶ 61.[2] As Plaintiffs' claims — including those in Count II — all arise from a common series of transactions, they are properly joined. Defendants' motion to severe, therefore, should be denied.

### B. All Of Plaintiffs' Claims Involve Common Questions of Law and Fact

The second requirement of Rule 20(a)(1) allows joinder of plaintiffs where "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(B). Common issues of law and fact will arise where Plaintiffs allege the existence of constitutionally violative policies and customs. See Dean, 2009 WL 2848865 at *3 ("The claimed existence of the City's policies likewise is a question of both fact and law that is common to each plaintiff's claim."); accord Wilson, 2005 WL 1227316 at *3 (concluding the plaintiffs' causes of action shared common questions of law relevant to their Monell claim).

---

[2] In contrast to the authority cited by the County Defendants, Plaintiffs here do allege various common customs and practices of discrimination, supported by factual allegations demonstrating that the customs affected each of the Plaintiffs. See Compl. ¶¶ 15, 16, 27-47, 61, 64; but see Randleel v. Pizza Hut of Am., 182 F.R.D. 542, 544 (N.D. Ill. 1998) ("It must be remembered that the plaintiffs **do not** allege a common discriminatory policy or practice of [the defendant] which resulted in the alleged denial of service . . . .") (emphasis in original); Bailey v. N. Trust Co., 196 F.R.D. 513, 517 (N.D. Ill. 2000) (finding that the plaintiffs did not assert a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences because "[t]here is no evidence . . . of a discrete policy that affected each plaintiff").

5

Plaintiffs' claims, including those of Hunt, include common issues of law and fact.[3] Notably, Count III is a Monell claim alleging constitutional harm to all Plaintiffs from Defendants' well-settled customs of (a) delaying investigation and mitigation of serious medical conditions suffered by significant portions of the detainee population; (b) failing to respond timely to detainee requests and grievances for medical treatment; (c) ignoring and failing to implement the recommendations and prescriptions of health care professionals; and (d) withholding information related to the communicability of diseases, conditions, bacteria, viruses, and other information essential to the health and safety of the detainees. See Compl. ¶ 61. The legal and factual underpinnings of Count II are relevant to establishing the various unconstitutional customs that harmed Plaintiffs.

All of Plaintiffs' claims also involve common issues of fact,[4] including (a) the procedure for detainees to request medical attention; (b) Defendants' practice of responding to detainee requests and grievances; (c) the process by which detainees can appeal responses to grievances; and (d) the timeliness and adequacy of responses to detainee requests for medical attention. These facts, and others, form a part of all Plaintiffs' claims, and therefore it is inevitable that common issues of fact will undoubtedly arise in this case. As such, Count II is properly joined and should not be severed.

---

[3] Defendants' erroneously argue that factual and legal issues underlying "Count I and Count II are based upon wholly separate acts and separate defendants." Joint Mem. Law Supp. Mot. Sever Count II Fourth Am. Compl. (Dkt. #93) ("Joint Mem.") 3. First, Count I and Count II are both asserted against Defendant Superintendent Miller in his individual capacity. See Compl. ¶¶ 10, 48-59. Second, both counts include factual and legal issues regarding Defendant Superintendent Miller's (and the other Defendants') unconstitutional conduct regarding Plaintiffs' requests for medical attention. See Compl. ¶¶ 51, 57.

[4] It should be noted that "Rule 20 only requires common issues of either law or fact for proper joinder." Wilson, 2005 WL 1227316 at *3. Here, Plaintiffs' claims involve both common issues of law and fact.

## II. SEVERANCE OF COUNT II WILL LEAD TO INEFFICIENCIES AND A WASTE OF JUDICIAL RESOURCES

The County Defendants urge that even if Count II is not severed, it should nonetheless be tried separately pursuant to Rule 42(b). Joint Mem. Law Supp. Mot. Sever Count II Fourth Am. Compl. (Dkt. #93) ("Joint Mem.") 3-4. It should not. Rule 42(b) allows for a court to order separate trials for separate claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Ordering a separate trial for Count II accomplishes none of these goals, and would, in fact, lead to unnecessary inefficiencies.[5]

The County Defendants' argument is premised largely on the impermissible assumption that Count III, a Monell claim alleged by all Plaintiffs (including Hunt), does not exist. The County Defendants assert that Hunt is suing only Defendant Superintendant Miller and Defendant Lang. Joint Mem. 2. He is not. Compl. ¶¶ 60-64 (Count III naming County Defendants). They further argue that Rule 20(b) applies and allows this Court to order a separate trial to protect the County Defendants from prejudice that "arises from including a person against whom the party asserts no claim and who asserts no claim against the party." Joint Mem. 2. Such assertions entirely ignore that, in addition to naming Superintendant Miller in his individual capacity, Hunt also names as official defendants Superintendent Miller, Sherriff Dart, Dr. Hart, and Cook County in Count III. Compl. ¶¶ 60-64.

In the end, none of the reasons articulated by Rule 42(b) would be served by severing Count II, since separate trials would not be more convenient, foster greater economy, or reduce prejudice. See Fed. R. Civ. P. 42(b). On the contrary, severing Count II would serve to

---

[5] Defendants' motion to sever Count II for trial is also premature. See Dean, 2009 WL 2848865 at *4 ("The appropriate time to determine [severance of a claim] will be after the conclusion of discovery and, in all likelihood after the court has ruled on dispositive motions.").

7

prejudice Plaintiffs' ability to try their claims and otherwise increase the amount of time and resources to be expended by Plaintiffs, Defendants, and this Court.

This would be in part because, even if Count II was tried separately (which it should not be), the <u>Monell</u> claim would nonetheless survive. The factual allegations supporting Count II form an integral part of the Plaintiffs' <u>Monell</u> claim, and thus, severing Count II will not simplify or decrease the evidence to come before the jury. To the contrary, ordering a separate trial on Count II would lead to extreme inefficiencies where two juries would hear from the same witnesses and evaluate the same evidence in two separate trials.

In this case, all of the five Plaintiffs were pre-trial detainees housed in the same division of CCJ who fell ill within the same six-month period. All of the Plaintiffs requested, were denied medical attention, and were ultimately damaged by the same unconstitutional customs. As such, if Count II were separated, there would be a great deal of overlapping testimony in each trial, resulting in unnecessary repetition of the same evidence.

Trying Count II separately would only decrease efficiencies, result in additional burdens on all parties and this Court, and thwart the purposes of expediency and economy. Therefore, it should not be separated from the instant action.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' respectfully request that this Court deny in its entirety the Defendants' Joint Motion to Sever Count II of Fourth Amended Complaint. Plaintiffs request such other and further relief this Court deems appropriate.

9

Date: July 22, 2010                                      Respectfully submitted,

                                                         /s/ Kenneth G. Schuler
                                                         One of the Attorneys for Plaintiffs

Kenneth G. Schuler
Lyndsay D. Speece
Marissa Downs
Alicia Weis
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

9