IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HUNT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 09 C 2071 |
| | ) | |
| vs. | ) | |
| | ) | Judge Matthew F. Kennelly |
| DART, et al., | ) | |
| | ) | Magistrate Judge Ashman |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Now come Defendants, the County of Cook ("Cook County"), Dr. Avery Hart, Sheriff Dart, and Superintendent Miller (hereinafter "County Defendants") by and through their attorney, ANITA ALVEREZ, State's Attorney of Cook County by and through Michael D. Jacobs and Maureen O. Hannon, Assistant State's Attorneys, and submit this Reply[1] in further support of their Motion to Dismiss.

**ARGUMENT**

**I. PLAINTIFFS FAIL TO ALLEGE A CLAIM FOR WHICH RELEIF CAN BE GRANTED BECAUSE THEY FAIL TO SET FORTH AN "OFFICIAL POLICY, CUSTOM, OR PRACTICE" AS REQUIRED UNDER *MONELL*.**

As Defendants' stated in their initial Memorandum of Law, "a local government may not be sued under section 1983 for an injury inflicted solely by its employees or agents," but rather, a plaintiff must show that he suffered injuries of a constitutional magnitude as a result

---

[1] Laura Happ, a student at John Marshall School of Law, assisted with the research and preparation of this brief.

1

of an official policy, custom or practice. *Monell v. Department of Social Services,* 436 U.S. 658, 694 (1977). In order to demonstrate a municipality violation because of its policy, plaintiff must show (1) an express policy, that when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is, "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735 (7th cir. 1994). It is important to note that these alleged policies must be "persistent and widespread." *Ritz v. Lake County,* 2010 U.S. Dist. LEXIS 50530 *12 (N.D. Ill. 2010). Where allegations are made of implicit policies based on widespread practice, "what is needed is evidence that there is a true municipal policy at issue, not a random event." *Phelan v. Cook County*, 463 f.3d 773, 790 (7th Cir. 2006).

In *Ritz v. Lake County*, plaintiff alleged he received inadequate care for diabetes. 2010 U.S. Dist. LEXIS 50530 at *3. Plaintiff claimed the Sheriff and county were liable because of three jail policies. *Id.* at 13. The Court followed *Phelan*, and determined that an implicit policy can only be shown by pervasive unlawful behavior. *Id.* at 15. The Court concluded the behavior was not pervasive. *Id.* Accordingly, the Court dismissed the claims because plaintiff "offer[ed] no other instances where Lake County Jail inmate's health care failed or was intentionally avoided." *Id.* at 14.

Similarly, in *Holmes v. Sheahan*, plaintiff developed a skin condition while incarcerated and alleged denial of medical treatment. 930 F.2d 1196, 1197 (7th Cir. 1991). Plaintiff did not receive medical treatment for eight months. *Id*. Plaintiff brought claims against individuals in their official capacities, or "in essence, … against the County itself."

*Id*. at 1199. The Court found, however, no "evidence which suggests that inadequate procedures, a failure to train, or any other County policy or custom caused Holmes to be denied medical care." *Id*. at 1200. To the contrary, the Court found the CCDC had adequate procedures to "prevent inmates with medical needs from falling through the cracks" and determined plaintiff suffered from just that. *Id*. at 1201.

Here, Plaintiffs similarly purport to allege unconstitutional customs on the part of Defendants, but fail. Plaintiffs claim a constitutional deprivation of the denial of medical care through the customs of Defendant. Fourth Am. Complaint ("Complaint") ¶¶ 61-64. Four plaintiffs allege they suffered from a virus that passed through the Cook County Jail.. Complaint ¶¶ 11-12. Plaintiffs' claim this is a demonstration of Defendants' custom to fail to investigate and respond to detainee's medical treatment. However, this was just one specific incident of a norovirus outbreak in Division Ten. Plaintiff makes no allegations that there is a policy across the divisions and throughout the entirety of the jail that denies inmates medical care. The situation here is not pervasive, as required by *Ritz*. 2010 U.S. dist. LEXIS 50530 at *15. To the contrary, this was a single, isolated incident in Division Ten.

Additionally, these allegations, combined with Hunt's allegations for failure to receive a special diet still fail to show a policy of denial of medical care. Complaint ¶¶ 31-45. Plaintiffs allege Hunt's treatment demonstrates the jail's custom of failing to implement directives from medical personal. However, this is again, a single incident which is not pervasive across the jail. Even more, the situation here is similar to that of plaintiff, Holmes, who simply "fell through the cracks." 930 F.2d at 1201. There is no implied custom to deny medical care in the jail, to the contrary, as the *Holmes* court noted, there are policies in place to protect the medical needs of inmates. *Id*. at 1200. Plaintiffs are "not entitled to demand

specific care." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Nor are plaintiffs entitled to the "best care possible." *Id*. Plaintiffs are only entitled to reasonable measures, and Defendants have taken those reasonable measures. *Id.*

Plaintiffs attempt to liken the case at bar to *Garrett v. Dart,* but the cases are not analogous. 2010 U.S. Dist. LEXIS 67965 (N.D. Ill. 2010). In *Garrett*, the plaintiff alleges a continual denial of medical care over a six month period. *Id.* at *4. There, Plaintiff suffered from an abscessed tooth and claimed to be in continual pain for those six months. *Id*. The Court held "defendants repeatedly violated [plaintiffs] constitutional rights." *Id*. 14.

Here, however, Plaintiffs allege a norovirus outbreak that lasted at most, two months, and which was, by their own admission, addressed. Additionally, Plaintiffs fail to allege a continual bacterial infection, but claim Hunt suffered from differing bacterial infections at different times. This is not, a continuous violation of their rights as demonstrated in *Garrett.* To the contrary, this is a single incident of a norovirus outbreak and a separate bacterial infection. As the *Garrett* court stated, "the allegation of a single incident of unconstitutional conduct by a municipal employee usually does not establish a sufficient basis for suing the municipality." 2010 U.S. Dist. LEXIS 67965 at *11.

**II. THIS COURT SHOULD SEPARATE AND STAY DISCOVERY OF THE *MONELL* COUNT UNLESS AND UNTIL THERE IS LIABILITY ON THE INDIVIDUAL CLAIMS.**

The Rules of Federal Civil Procedure provide in part, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims…" Fed.R.Civ.P. 42(b). While bifurcation is not required in every case, "a district court has discretion to sever a *Monell* claim against a municipality from

claims against individual[s]." *Medina v. City of Chicago*, 100 F. Supp. 2d. 893, 894-895 (N.D. Ill. 2000).

Bifurcation of the *Monell* claims best serves the interests identified in Rule 42(b). Bifurcation and stay allows the parties to avoid potentially unnecessary discovery and litigation costs. Under *Los Angeles v. Heller*, if an individual defendant "inflicted no constitutional injury," then it is "inconceivable" that the city could be liable. 475 U.S. 796, 799 (1986). The Seventh Circuit later explained *Heller*, stating that a *Monell* claim can survive where individuals are found to be not liable. *Thomas v. Cook County Sheriff's Department*, 588 F.3d 445, 456 (7th Cir. 2009). In order "to determine whether the County's liability is dependent on its officers, we look to the nature of the constitutional violation, the theory of municipal liability, and the defenses set forth." *Id*. at 456. Here, like *Heller*, the County is being sued "because [it was] thought legally responsible for [the individual's] actions. *Heller*, 475 U.S. at 799. Accordingly, a *Monell* claim cannot be found unless individual liability is found. As result, time and expense will be saved if the Court will bifurcate and stay discovery.

### III.   CONCLUSION

For the foregoing reasons, Count III of the Fourth Amended Complaint should be dismissed pursuant to Rule 12(b)(6). Count III fails to state a cause of action under 42 U.S.C. § 1983 for an official policy, custom, or practice. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1977). In the alternative, the County defendants urge this Court to apply the remedy set forth in FRCP 42(b) to separate the *Monell* issues and claims unless and until individual liability has been established.

The County Defendants jointly and respectfully request that this honorable Court dismiss Count III of the Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, bifurcate and stay discovery on the *Monell* claim.

    Respectfully Submitted,

    ANITA ALVAREZ

    State's Attorney of Cook County

By: /s/ Michael D. Jacobs
    Michael D. Jacobs
    Maureen O. Hannon
    Assistant State's Attorneys
    Office of the State's Attorney
    500 Richard J. Daley Center
    Chicago, Il 60602
    (312) 603-3401